FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 1 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
LG CAPITAL FUNDING, LLC,
:
                Plaintiff,
:    **DECISION AND ORDER**
:
        - against -
:    16 Civ. 6632 (AMD)
:
WOWIO, INC.,
:
                Defendant.
                                X
------------------------------------------------------------

**ANN DONNELLY**, District Judge.

The plaintiff, LG Capital Funding, LLC, commenced this diversity breach of contract action on November 30, 2016, alleging that defendant Wowio, Inc. failed to make payments due under three promissory notes. (ECF 1.)

The defendant did not plead otherwise or defend this action, resulting in an entry of default on March 10, 2017. (ECF 8.) On March 23, 2017, the plaintiff moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil procedure. The plaintiff purportedly served the defendant on December 13, 2016 through Amy Merkin, whom the plaintiff claimed was "designated by law to accept service" on behalf of the defendant. (ECF 6.) The plaintiff now concedes that Ms. Merkin was not actually the defendant's registered agent in Texas, where service took place. The plaintiff asserts, however, that it served the defendant again on May 12, 2017. (ECF 16.)

In a Report and Recommendation issued on June 13, 2017, Magistrate Judge Roanne Mann recommended that the Court vacate the notice of default entered on March 10, 2017 and extend

1

the plaintiff's time to serve the defendant, *nunc pro tunc*, to May 12, 2017, since the plaintiff did not properly serve the defendant at the outset of the litigation. (ECF 18 at 7-9.) Additionally, in light of the "uncertainty surrounding plaintiff's service attempts and pending motion for default judgment," Judge Mann recommended that the Court deny the plaintiff's motion for default judgment without prejudice, and set a new date by which the defendant must respond to the complaint. (ECF 18 at 8.) The defendants were served the Report and Recommendation on June 14, 2017. (ECF 19.) Neither party has objected to the Report and Recommendation within the time prescribed by 28 U.S.C. § 636(b)(1).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)). I have reviewed Judge Mann's thorough and well-reasoned opinion, and find no error. Accordingly, I adopt the Report and Recommendation in its entirety.

## CONCLUSION

The Clerk of Court is respectfully directed to vacate the notice of default entered on March 10, 2017; the plaintiff's time to serve the defendant is extended, *nunc pro tunc*, to May 12, 2017; the plaintiff's motion for default judgment is denied without prejudice; and the defendant is to respond to the complaint by September 15, 2017.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
August 15, 2017