UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LG CAPITAL FUNDING, LLC,

                        Plaintiff,           **MEMORANDUM AND ORDER**

-against-                                       16-CV-06632 (AMD) (RLM)

WOWIO, INC.,

                        Defendant.
-----------------------------------------------------------------X

**Ann M. Donnelly, United States District Judge:**

On November 30, 2016, the plaintiff, LG Capital Funding, LLC, commenced this diversity breach of contract action, alleging that the defendant, Wowio, Inc., failed to make payments due under three promissory notes. (Compl., ECF No. 1.) The complaint asserts claims for breach of contract, unjust enrichment, and attorneys' fees and expenses. (*Id.*) Although the plaintiff properly served the defendant on May 12, 2017, the defendant failed to appear or otherwise defend this action, resulting in an entry of default on October 26, 2017. (Entry of Default, ECF No. 22.) On October 30, 2017, the plaintiff moved for default judgment.[1] (Pl.'s Mot. for Default J., ECF No. 23.)

On April 24, 2018, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") recommending that I grant the plaintiff's motion for default judgment in part and deny it in part. (4/24/2018 R&R, ECF No. 29.) Specifically, Judge Mann recommended that I dismiss the plaintiff's claim for unjust enrichment as duplicative of its breach of contract claim, and award the plaintiff the following damages on its breach of contract

---

[1] The plaintiff first moved for default judgment on March 23, 2017. (ECF No. 9.) However, because the plaintiff did not properly serve the defendant at the outset of this litigation, I vacated the notice of default entered against the defendant on March 10, 2017, and denied the plaintiff's motion for default judgment without prejudice. (August 15, 2017 M&O, ECF No. 20.) I also extended the plaintiff's time to serve the defendant, *nunc pro tunc*, to May 12, 2017, and extended the defendant's time to answer to September 15, 2017. (*Id.*)

1

claim: (1) $110,366.03 in unpaid principal and interest through September 16, 2015; (2) default interest on the principal balance of $103,500 at a daily rate of $68.05 from September 17, 2015 through entry of final judgment; (3) $5,180 in attorneys' fees; and (4) $550.50 in costs. (*Id.* at 26-27.) Judge Mann ordered the parties to file objections to the R&R by May 11, 2018. (*Id.*) To date, neither party has objected.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). *See also Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) ("[T]he district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'") (quoting *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

I have carefully reviewed Judge Mann's thorough and well-reasoned opinion for clear error, and find that there is none. Accordingly, I adopt Judge Mann's R&R in its entirety, and grant the plaintiffs' motion for default judgment [23] in part and deny it in part. The plaintiff is awarded the following damages on its breach of contract claim: (1) $110,366.03 in unpaid principal and interest through September 16, 2015; (2) default interest on the principal balance of $103,500 at a daily rate of $68.05 from September 17, 2015 through entry of final judgment; (3) $5,180 in attorneys' fees; and (4) $550.50 in costs. The plaintiff's claim for unjust enrichment is

dismissed as duplicative of its breach of contract claim. The Clerk is directed to terminate this case, and to send copies of this Order to the defendant at the following addresses:

Vcorp Services, Inc.
(As registered agent for Wowio, Inc.)
1999 Bryan Street - Suite 900
Dallas, Texas 75201-3136
Attn: Beatrice Casarez

and

Wowio, Inc.
3545 Motor Avenue, 2nd Floor
Los Angeles, CA 90034

**SO ORDERED.**

              s/Ann M. Donnelly
              _____
              Ann M. Donnelly
              United States District Judge

Dated: Brooklyn, New York
    May 14, 2018